88   245
138   369

88   245
147   390

## MATTHIAS REED

*v.*

## EVA J. THOMPSON.

1. INTOXICATING LIQUORS—*damages under acts of 1872 and 1874.* The act of 1874, relating to intoxicating liquors, so far as it gives the wife a right of action for an injury by the sale of such liquors to her husband, is precisely the same as the repealed act of 1872, and hence there is no error in the assessment of damages under a declaration charging the damages to have commenced while the act of 1872 was in force, and continued until after the act of 1874 took effect. The effect of the act of 1874 was, to continue in force the act of 1872, so far as the wife's right of action is concerned.

2. NEW TRIAL—*affidavit of juror.* The affidavit of a juror is not admissible to impeach his verdict, on a motion for a new trial. He is not competent to show that the damages found were arrived at by each juror marking down the amount thought proper by him, and dividing the aggregate by the number twelve.

APPEAL from the Circuit Court of Edgar county; the Hon. OLIVER L. DAVIS, Judge, presiding.

Messrs. BISHOP & McKINLAY, and Messrs. SELLARS & DOLE, for the appellant.

Messrs. TROGDON & CAPPS, Mr. GEORGE HUNT, and Mr. S. S. WHITEHEAD, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This is an action brought by Eva J. Thompson, against Matthias Reed, in May, 1875. The declaration alleges that the plaintiff was the wife of one Philip Thompson, before and on the 15th day of May, 1874, and continued to be until the institution of this suit, and that, between that time and the commencement of the suit, the defendant at divers times had sold intoxicating liquors to her husband after he had been notified by the plaintiff not to do so, the defendant at the time well knowing, and the fact being, that her husband was in the habit of getting intoxicated, and that thereby he became intoxicated, and by reason of such intoxication she was injured in her means of support, being dependent upon her husband for support. Plaintiff recovered $370, and defendant appeals.

Divers errors are assigned upon the record, but appellant's counsel present but three questions. They insist—

"1st. That the damages commenced, as stated in the declaration, on the 15th day of May, 1874, under the law of 1872—the law of 1874 not going into effect until July 1, 1874,—and continued until the beginning of this action, which was brought under the law of 1874, embracing two separate and distinct causes of action, and under two different statutes. We maintain that this was error.

"2d. That the verdict is against the weight of evidence; and

"3d. That the verdict was arrived at in an irregular manner."

As to the first position, the act of 1872 and the act of 1874 are identical on this question, and in the repealing clause all rights accrued are saved, and the act of 1874, instead of changing the law, in so far as this action is concerned, is a simple

continuation of the law of 1872.    The legal effect of this legislation is the same as if the act of 1872 had not been repealed.

As to the second point, after a careful examination of the testimony, we think that the verdict is abundantly sustained.

As to the third, it is alleged that the jury arrived at their verdict by adding together the amount of damages which each juror was in favor of allowing to the plaintiff, and dividing the sum by twelve.    An examination of the affidavits filed in support of the motion, fails to show that this allegation is in fact true.    Immediately after the jury left the room in which they had deliberated, a scrap of paper was found, on which eleven different amounts were written in figures, one amount immediately over the other, in a column, and a line drawn beneath them; below the line were the figures 4450; to the left of this sum, as divisor, were placed the figures 12; and below the line, as a quotient, were found the figures 36, with a blank left to the right, indicating that the computation was incomplete.    An examination of this paper shows that the amounts purporting to be added together were not twelve in number, but eleven, and that the true aggregate sum of the amounts thus written was not 4450, but 1915, which, if divided by 12, would give $162\frac{1}{2}$ instead of 370.    One juror filed an affidavit that the verdict was arrived at by adding the amounts which each juror thought was right, together, and dividing the product by twelve.    The affidavits of eight jurors, however, stated that the verdict was arrived at from a consideration of the evidence, and not from any agreement whatever.

The affidavit of the juror assailing his own verdict is not admissible, for that purpose.    The blank figures are not such as to establish the proposition contended for by appellant. The record fails to sustain any one of the points made by counsel for appellant, and the judgment must be affirmed.

*Judgment affirmed.*